# IN RE HEATH.

PATENTS; PATENTABILITY; ANTICIPATION.

1. A new combination of old elements amounts to invention where it produces a new and useful result, although each old element may have been suggestive of the use which could be made of it in the new.

2. Where the question of patentability is close, the doubt should be resolved in favor of the applicant. (Following *Re Eastwood*, 33 App. D. C. 291.)

3. Claims in an application for a patent for a building wall constructed of hollow blocks provided with longitudinal hollow spaces or voids were *held* not to be anticipated by patents for various forms of building blocks, by means of none of which could a wall of any desired width be constructed, where the voids and webs would be in perfect alinement, as disclosed in the applicant's invention.

No. 1044.   Patent Appeals.   Submitted May 11, 1916.   Decided June 1, 1916.

HEARING on appeal from decision of the Commissioner of Patents rejecting an application for patent.·          *Reversed.*

The facts are stated in the opinion.

*Mr. P. B. Turpin* and *Mr. L. A. Stanley* for the appellant.

*Mr. William R. Ballard* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from the decision of the Commissioner of Patents refusing to grant appellant, Frederick Heath, a patent for a hollow-block building wall, expressed in the following claims:

"1. A building wall composed of hollow blocks laid horizontally in courses one above another, each course including blocks

having three longitudinal voids and laid with relation to similar blocks in the next course as described, so that the central void in one block is always opposite the space or joint between the blocks in adjacent courses and the webs in one course are in vertical alinement with webs in the next course, as described.

"2. A building wall composed of horizontal courses each formed of blocks having a single void, and other blocks having three voids arranged parallel longitudinally, the blocks being laid adjacently and alternately with each other, the central void of the three-void blocks being in direct vertical alinement with the space between blocks in adjacent courses, as described."

The rejection is based upon the following references:—Patent to Yarnall, No. 695,594, issued March 18, 1902; patent to Bynum, No. 744,480, issued November 17, 1903; patent to Lovett, No. 814,973, issued March 13, 1906; patent to Johnson, No. 837,572, issued December 4, 1906; and patent to Denison, No. 942,621, issued December 7, 1909.

The claims are for the wall constructed of the blocks described. The blocks are provided with longitudinal hollow spaces or voids, making the structure economical, and safe-guarding against the destructive effects of moisture, heat, or cold. The design of the blocks and the construction of the wall are clearly described in the brief of counsel for the government, as follows: "The blocks are made in full width and half widths, so that the mason can break the joints in laying the wall. The void spaces in the blocks are so located that when the wall is built the webs forming the sides of the void spaces will lie always in vertical lines to make what are termed 'tiers of strain-resisting sections.' For this purpose he forms the larger or full-size blocks with two voids, each of the size of the void in the half-size block, and these are separated by a narrow void or slit corresponding to the mortar space between the two abutting blocks of the tiers immediately above and below." In the mortar space is left a narrow vertical void or slit corresponding in size to the void extending through the center of the full-sized block.

It is important to remember that appellant is claiming a wall construction, and not a particular form of hollow block. The

patents referred to are for various forms of building blocks. Hollow blocks of various constructions are in general use, and numerous patents have been granted in this art. The novelty of appellant's device consists in the wall which may be constructed by using blocks of his design. Without discussing the references separately, it is sufficient to say that in no case can a wall of any desired width be constructed from the blocks of any of the references where the voids and webs will be in perfect alinement, as disclosed in applicant's invention. In this device alone are the webs and voids of equal thickness and in perfect vertical alinement, thus forming a uniform series of voids extending horizontally throughout the entire length of the wall, and a perfectly alined series of vertical webs, thereby securing a maximum amount of strength from a minimum of weight.

The block of the Bynum patent approaches nearest to the block of appellant of any of the references. A wall constructed of a single series of tier of Bynum's blocks would have the voids and webs in uniform alinement and of uniform width, but the moment it is attempted to construct a wall of more than a single block in width, not only is there no method of interlocking for the breaking of joints provided, but, in the construction of the wall where the blocks are laid side by side, the vertical web will be of double width, thus destroying uniformity of width of web, which is the controlling feature of appellant's invention. Appellant's method of joining the blocks so that a void equal to that extending through the center of the block is maintained, belongs to his device, and no other. This is one of the principal features of his wall construction. It is novel and marks a decided step forward in the art.

The art is a narrow one, and any step which marks so decided an advance in strength, utility, and economy of construction as that here disclosed, is entitled to recognition and protection. Not only does no reference cited anticipate appellant's claims, but no combination of the references can be devised which will accomplish this end. It is no answer that the construction of walls from hollow blocks is old in the art. A new combination of old elements amounts to invention where it produces a new

and useful result, although each old element may have been suggestive of the use which could be made of it in the new. *Steiner & V. Hardware Co.* v. *Tabor Sash Co.* 178 Fed. 831.

Neither can the accomplishment of appellant be attributed to obvious mechanical skill. We think there has been a clear invasion of the realm of invention, resulting in a wholly useful and novel advance in the building art. If it were doubtful, we would be compelled to resolve the doubt in favor of the inventor, and award a patent. It is easy to dispose of a case where the issue of invention is close by holding that the advance over the prior art constitutes a mere mechanical change apparent to those skilled in the art. But in the absence of proof to support this conclusion, and where the question of patentability is close, the doubt should be resolved in favor of the applicant. *Re Eastwood,* 33 App. D. C. 291.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required. *Reversed.*